IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**SILVESTRE B. CUEVAS,**

      **Plaintiff,**

v.                                         **Civil Action No. 2:08cv16**
                                               **(Judge Maxwell)**

**DEPT. OF JUSTICE, BUREAU**
**OF PRISONS, USP-HAZELTON**
**and JOE DRIVER,**

      **Defendants.**

### OPINION/REPORT AND RECOMMENDATION
### ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

The *pro se* plaintiff filed a civil rights complaint against the above-named defendants in which he requests the Court direct the Bureau of Prisons ("BOP") and the Immigration and Customs Enforcement Agency ("ICE") to separate the plaintiff from all other inmates throughout his incarceration. In addition, the plaintiff seeks compensatory damages due to his infection with Hepatitis A, and the psychological distress inflicting upon him by Bureau staff.

Contemporaneous with this Order, the undersigned has conducted a preliminary review of the file and determined that the plaintiff's complaint should be served upon the defendants. Therefore, in a separate Order, the undersigned has directed the defendants to file an answer to the complaint. This case is now before the Court on the plaintiff's Motion for Temporary Injunction filed on January 17, 2008.

In the motion, the plaintiff seeks a temporary injunction which requires the BOP to implement a "separation for all inmates" order for the plaintiff. The plaintiff also requests that such Order be continued when he is later released to the custody of the ICE. The plaintiff further requests that the temporary injunction provide that all inmates being transferred with him to other facilities

be "black boxed," and that any inmates in receiving and discharge be released that day.

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In this case, the plaintiff's claims of further harm are nothing more than speculation. He has provided absolutely no support for his assertion that his life is in danger, other than his own self-serving and conclusory allegations. Moreover, even assuming that the likelihood of harm tips in the plaintiff's favor, the plaintiff has failed to show a likelihood that he will succeed on the merits of his claims. Accordingly, the undersigned recommends that the plaintiff's motion for injunctive relief (dckt. 5) be **DENIED**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 7, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE